IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**CORNELIUS ALFONSO ALSTON**                  **PLAINTIFF**

**v.**                                           **No. 2:06CV89-D-D**

**HAWAII PUBLIC S.**
**CCA**                                       **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Cornelius A. Alston, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this suit. The plaintiff is currently in the custody of the State of Hawaii and housed at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. Corrections Corporation of America is a private company that operates the Tallahatchie County Correctional Facility, where it houses inmates for various states, including Mississippi and Hawaii. The plaintiff alleges that the defendants have not provided proper treatment for the plaintiff's knee. The defendants have treated the plaintiff's knee with medication. The plaintiff, however, seeks surgical intervention. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On October 6, 1998, during the plaintiff's incarceration in Hawaii, he was sent to a hospital for a pre-operation visit in anticipation of surgery on his knee. He was, however, transferred to a facility operated by Corrections Corporation of America before the surgery could be performed. The plaintiff's knee periodically "pop[s] out," causing the plaintiff pain and

discomfort. During the years of his incarceration, the plaintiff has received several diagnoses regarding his knee, including water on the knee, chronic tear of the meniscus, torn cartilage, and arthritis. The prison medical staff from Hawaii cannot document the plaintiff's previous knee injury. Dr. Mun (a prison doctor from Hawaii) does not believe that surgery would correct the plaintiff's degenerative knee problem. The plaintiff's basic claim is, in his own words, "Hawaii should have finish[ed] what they started!" He seeks and order from the court requiring Corrections Corporation of America to ensure that the surgery is performed.

## Discussion

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct.

Case 2:06-cv-00089-GHD-JAD    Document 13    Filed 06/13/2006    Page 3 of 3

662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).  A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs.  *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, the plaintiff simply disagrees with the drug treatment regimen the prison medical staff has undertaken.  The plaintiff has been examined many times by various doctors, who have made different diagnoses of the plaintiff's condition over the years.  The decision of the Hawaii medical staff in 1998 to proceed with surgery is not binding on the plaintiff's current treating physician, who has concluded after a more recent examination that surgery is not necessary.

The plaintiff wants surgery for his knee.  The plaintiff's treating physician has decided that surgery is unwarranted.  As discussed above, this disagreement does not rise to the level of a constitutional claim and shall therefore be dismissed.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of June, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE